# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH DAVID MORRISETT | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:18-cv-842** |
| | ) | **Judge Campbell/Frensley** |
| **WALMART STORES INC. AND** | ) | |
| **WAL-MART STORES EAST, LP.** | ) | |
|     **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendants' Motion to Dismiss. Docket No. 18. Specifically, the Defendants move to dismiss the action for failure to prosecute and for failure to comply with the Court's Order of May 15, 2019 (Docket No. 17) granting the Motion to Withdraw filed by Plaintiff's former counsel and ordering Plaintiff to "secure new counsel and have them enter an appearance or notify the Court he intends to proceed *pro* se" within the time allotted. For the reasons stated herein, the undersigned recommends that the Defendants' Motion be DENIED without prejudice.[1]

## BACKGROUND

This is a premises liability case filed on August 3, 2018 in state court and removed to this Court on September 6, 2018. Docket No. 1. The matter is set for trial on February 11, 2020. Docket No. 14.

On May 14, 2019, Plaintiff's counsel filed a Motion to Withdraw. Docket No. 16. The Court granted the motion and gave Plaintiff 30 days to secure new counsel or give notice of intent

---

[1] Local Rule 7.01(b) permits the Court to act on a motion prior to the time allowed for response. The Court does not believe it necessary to wait 21 days for this matter to be briefed in light of the issues.

to proceed pro se. Docket No. 17. Defendants have filed the instant motion after Plaintiff has failed to obtain new counsel or notify the court of his intention to proceed pro se. Docket No. 18. Defendants advance two grounds in support of their motion to dismiss for failure to prosecute. First, they note that Plaintiff has not responded to written discovery requests served by Defendants on August 20, 2018. *Id.* Second, they contend that Plaintiff has disregarded the Court's Order to have new counsel enter an appearance or notify the Court of his intention to proceed pro se. *Id.* These reasons, they argue the action should result in dismissal. *Id.*

## ANALYSIS

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the

Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978).

Given the clear preference to resolve cases on the merits, the undersigned does not believe that the remedy of dismissal is appropriate at this time. Given that new counsel has not filed an appearance on the behalf of the Plaintiff and the action remains pending, the Court deems Plaintiff to be proceeding pro se.

With respect to Plaintiff's failure to respond to written discovery requests, the undersigned believes that the requested remedy of dismissal is too harsh. The undersigned however construe Defendants' motion in the alternative as a motion to compel Plaintiff to respond to the written discovery request and as such grants that motion.

All parties have a duty to participate in discovery and comply with the Federal Rules of Civil Procedure and Local Rules of this Court. This is true whether the party is proceeding with counsel or pro se. Based upon Defendants' representations, Plaintiff's responses to the written discovery requests are long overdue. The Court orders the Plaintiff to respond to the written discovery requests on or before July 12, 2019. The Plaintiff is specifically advised that his failure to cooperate in the discovery process and provide complete responses to the outstanding discovery requests in the time allowed herein, absent good cause, will result in the undersigned recommending that Plaintiff's claims be dismissed based upon failure to prosecute this action and comply with the Court's Order.

WHEREFORE, for the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss (Docket No. 18) be DENIED without prejudice, that the Plaintiff

be deemed to be proceeding pro se and Plaintiff is ordered to respond to the outstanding discovery requests on or before July 12., 2019. Plaintiff is forewarned that his failure to cooperate in discovery and the orders of this Court will result in a recommendation that this action be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**