# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH DAVID MORRISETT )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WALMART STORES INC. AND )<br>WAL-MART STORES EAST, LP. )<br>    Defendant. ) | Civil No. 3:18-cv-842<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendants' Renewed Motion to Dismiss. Docket No. 20. For the reasons stated herein, the undersigned recommends that the Defendants' Motion be GRANTED, and this action be dismissed with prejudice.

## BACKGROUND

This is a premises liability case filed on August 3, 2018 in state court and removed to this Court on September 6, 2018. Docket No. 1. The matter is set for trial on February 11, 2020. Docket No. 14.

On May 14, 2019, Plaintiff's counsel filed a Motion to Withdraw. Docket No. 16. The Court granted the motion and gave Plaintiff 30 days to secure new counsel or give notice of intent to proceed pro se. Docket No. 17. Defendants initially filed a Motion to Dismiss (Docket No. 18) for failure to prosecute and for failure to comply with the Court's Order of May 15, 2019 (Docket No. 17) granting the motion to withdraw and ordering the Plaintiff to secure new counsel or notify the Court of his intention to proceed pro se. Docket No. 18. On June 9, 2019 the undersigned entered a Report and Recommendation that the Defendants' motion be denied without prejudice. Docket No. 19. Analyzing the considerations for dismissal under Rule 41(b) and the preference

to resolve cases on the merits, the undersigned deemed Plaintiff to be proceeding pro se in light of the fact that no counsel had filed a notice of appearance in the matter, ordered Plaintiff to respond to overdue discovery requests, admonished Plaintiff of his duty to participate in discovery and comply with the Rule of Federal Procedure and Local Rules of Court and specifically advised Plaintiff that his failure to cooperate in the discovery process absent good cause, would result in a recommendation that his claims be dismissed based upon failure to prosecute and non-compliance with the Court's Orders. Docket No. 19.[1]

The undersigned specifically ordered the Plaintiff to respond to the long overdue discovery requests on or before July 12, 2019. Docket No. 19. On July 16, 2019, Defendants filed their renewed motion to dismiss. Docket No. 20. After recounting the procedural history, Defendants state that the Plaintiff has still not responded to written discovery requests or otherwise communicated with Defendants' counsel and has "disregarded his duty to cooperate in any efforts to progress to trial." Docket No. 20, p. 3.

**ANALYSIS**

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal").

---

[1] No objections were filed to the Report and Recommendation which remains pending.

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978).

While the Court is aware of the preferences to resolve cases based on the merits, Plaintiff has taken no action indicating that he desires to do so. Further, he has been explicitly instructed to take actions which he has not, and specifically forewarned the of the consequences of not doing so. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.*

3

Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. C. 626, 630 (1962).

The Court is satisfied that considering the factors set forth above dismissal under Rule 41(b) is appropriate. This action was originally filed in state court and Defendant served written discovery requests on the Plaintiff on August 20, 2019 in that action. Docket No. 20, p. 1. After removing the matter to this Court, Defendants reserved discovery requests on the Plaintiff on October 22, 2018. *Id.* Plaintiff has still not responded to the outstanding discovery requests. *Id.* Further, Plaintiff has failed to communicate with defense counsel or the Court including not filing a response to the instant motion. This conduct is indicative of willfulness, bad faith or fault of the Plaintiff. Given the lengthy delays associated with Plaintiff's conduct and failure to comply with the Rules of Civil Procedure, Local Rules of Court and Orders of the Court, Defendants are unable to obtain information through discovery in order to defends against Plaintiff's claims, and therefore prejudicial. Finally, Plaintiff has been specifically warned that his failure to cooperate could lead to dismissal and in light of all the foregoing, there are no other less drastic sanctions which are appropriate in this case. Plaintiff has been given multiple specific instructions regarding the requirement that he advance this case and the consequences of his failure to do so but has nonetheless taken no action.

For the reasons set forth herein, the undersigned recommends that Defendants' Renewed Motion to Dismiss (Docket No. 20) be GRANTED and that the Plaintiff's claims be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**